UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J MCCORMAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00422-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**
**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, through United States Attorney Thomas C. Albus and Assistant United States Attorney Derek J. Wiseman, files this Motion to Dismiss the Motion to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") filed by Petitioner Michael J. McCormac ("McCormac") pursuant to Title 28, United States Code, Section 2255. *Michael J. McCormac v. United States*, No. 4:26-cv-00422-RWS ("Civil Case"), Doc. #1. As explained more fully below, this Court should dismiss McCormac's Section 2255 Motion because it is an untimely, and, in any event, it should otherwise be denied as an improper collateral attack on a restitution order.

## BACKGROUND

McCormac pleaded guilty to two counts of violating the Anti-Kickback Statute. *See United States v. Michael J. McCormac*, No. 4:21-cr-00539-RWS ("Criminal Case"), Crim. Doc. 59. As part of his guilty plea agreement, McCormac admitted to knowingly and willfully paying hundreds of thousands of dollars in healthcare kickbacks. *Id.* at pp. 5–6. According to McCormac's Guilty Plea Agreement, he agreed "to provide full restitution to all victims of all charges in the indictment, in addition to any losses caused by other relevant conduct, in an amount equal to the loss

determined by the Court at sentencing." Crim. Doc. 59, p. 11. According to the Officer Revised Final Presentence Investigation Report ("PSR"), the total loss for restitution purposes was $5,645,615.53. Crim. Doc. 94, at ¶ 25. That loss amount was based on the amount that Medicare and Medicaid paid out in response to McCormac's fraudulent claims for reimbursement. *Id.* As this Court has previously noted, McCormac "made no objection to the amount of restitution." Crim. Doc. 140, p. 3.

At his sentencing—on June 4, 2024—McCormac received a five-year term of probation and was ordered to pay restitution in the agreed-upon amount of $5,645,615.53. *See* Crim. Doc. 100. On that same day, McCormac signed—and filed with this Court—the following Notice stating that he was not appealing the Judgement of Conviction entered against him:


☑ Defense counsel has explained to defendant his/her right to appeal, defendant does not wish to file a Notice of Appeal, and defendant has signed below to so indicate.

**(Note: Defense counsel must check the appropriate box that applies above.)**

6/4/24
Date

#60906 MO
Signature of Attorney

6/4/24
Date

Signature of Defendant

*See* Crim. Doc. 102. Consistent with his Notice, McCormac never filed an appeal of the Judgment of Conviction in the criminal case.

Nearly two years later—on March 23, 2026—McCormac filed the Section 2255 Motion that is presently before this Court. *See* Doc. 1. In his Section 2255 Motion, McCormac brings four arguments:

(1) **"Ineffective Assistance of Counsel – Plea Stage (Sixth Amendment)"** – Arguing that his plea counsel was ineffective for failing to raise an advice of counsel defense or contacting McCormac's accountant.

(2) **"Ineffective Assistance of Counsel – Sentencing / Restitution (Sixth Amendment)"** – Arguing that plea counsel was ineffective for not objecting to the restitution amount based on accounting records and bank statements that were previously in McCormac's possession.

(3) **"Ineffective Assistance of Counsel Relating to Tax-Withholding Advice"** – Arguing that plea counsel was ineffective for not warning him—as the Court did at sentencing—that restitution would be due and payable immediately upon his sentencing.

(4) **"Ineffective Assistance of Counsel (Failure to Challenge Restitution and Loss)" –** Arguing that plea counsel was ineffective for not objecting to the restitution amount under the Mandatory Victims Restitution Act ("MVRA").

*See* Doc. 1, pp. 4–9. As McCormac's Section 2255 Motion makes clear, each of these arguments are attacks on this Court's Restitution Order. *See* Doc. 1-1, p. 4. In fact, McCormac's Section 2255 Motion never once requests a release from custody, but consistently claims that his counsel's alleged ineffective assistance ultimately "prejudiced [McCormac] by exposing him to a significantly higher restitution amount." *Id.*

## LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotations omitted). Like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). For example, "[a] person seeking relief under 28 U.S.C. § 2255 is required to be **'[a] prisoner in custody . . . claiming the right to be released**.'" *Bedoya v. United States*, No. 1:21-CV-00004-JCH, 2021 WL 2313116, at *2–3 (E.D. Mo. June 7, 2021) (quoting 28 U.S.C. § 2255(a)) (emphasis added). Strictly enforcing that requirement, the Eighth Circuit has consistently held that, "because a dispute about restitution does not involve a claim of a right to be released from custody, a prisoner

cannot challenge the restitution portion of his sentence under § 2255." *Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017) (citing *Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003)).

"Motions under § 2255 are [also] subject to a one-year limitations period. In practice, this usually means that a prisoner must file a motion within one year of 'the date on which the judgment of conviction becomes final.'" § 2255(f)(1). *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019) (citing 28 U.S.C. § 2255(f)(1)); *see also United States v. Craycraft*, 167 F.3d 451, 456 (8th Cir. 1999) ("Section 2255 motions must now be filed within one year of the date the conviction becomes final, except in circumstances not applicable to this case."). The date the conviction becomes final, for purposes of § 2255(f)(1), is the date when the time for filing an appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Under Eighth Circuit precedent, this Court should dismiss motions that are not filed within the time limits. *See Moore v. United States*, 173 F.3d 1131, 1133–35 (8th Cir. 1999); *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Indeed, a district court is precluded from considering the merits of untimely claims where, as here, the United States timely raises a statute-of-limitation defense. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

## ANALYSIS

This Court should dismiss McCormac's Section 2255 Motion for two independent reasons. First, McCormac's Section 2255 Motion was filed well after the one-year limitations period, and it is therefore not properly before this Court. Second, even if McCormac's Section 2255 Motion were properly before this Court, this Court should still dismiss because McCormac's Section 2255 Motion improperly attacks this Court's Restitution Order. Because McCormac's Section 2255 Motion seeks improper relief and is untimely, this Court should dismiss the Motion.

## I. This Court Should Dismiss McCormac's Section 2255 Motion Because it is Time-Barred.

McCormac's Section 2255 Motion is clearly time-barred. Indeed, this Court entered the Judgment of Conviction in the criminal case against McCormac on June 4, 2024. *See* Crim. Doc. 100. On that same day, McCormac signed—and filed with this Court—the following Notice stating that he was not appealing the Judgement of Conviction entered against him:



☑ Defense counsel has explained to defendant his/her right to appeal, defendant does not wish to file a Notice of Appeal, and defendant has signed below to so indicate.

**(<u>Note</u>: Defense counsel must check the appropriate box that applies above.)**

6/4/24
Date

#60906 MO
Signature of Attorney

6/4/24
Date

Signature of Defendant

*See* Crim. Doc. 102. Consistent with his Notice, McCormac never filed an appeal of the Judgment of Conviction in the criminal case.

Therefore, under Eighth Circuit precedent, McCormac's one-year limitations period to bring a Section 2255 Motion began in June 2024—when his Judgment of Conviction became final (*i.e.*, when his time to file an appeal expired). *Anjulo-Lopez*, 541 F.3d at 816 n.2. Because McCormac failed to bring his Section 2255 Motion by June 2025 (within the one-year limitations period), his Motion is not properly before this Court. For that reason alone, this Court should dismiss McCormac's untimely Section 2255 Motion. *See Craycraft*, 167 F.3d at 457 (holding that a district

court is precluded from considering the merits of untimely claims where, as here, the United States timely raises a statute-of-limitation defense).

### A. This Court Should Reject McCormac's Frivolous Argument That His Motion is Based on Newly Discovered Evidence.

Acknowledging that his Section 2255 Motion is untimely, McCormac claims that his late submission is justified based on a vague claim of unspecified new evidence. *See* Doc. 1-2, p. 40. Indeed, without citing any specific evidence—and without stating when such unspecified evidence was discovered—McCormac's newly discovered evidence argument does not satisfy the Eighth Circuit's standard.

The Eighth Circuit has narrowly construed what constitutes new evidence, utilizing the same standard a motion for a new trial is measured. *See Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir. 1981). To prevail, McCormac must establish that his newly discovered evidence: (1) was discovered after his conviction; (2) includes facts from which the court may infer diligence on the part of the movant; (3) is not be merely cumulative or impeaching; (4) is material to the issues involved; and (5) is of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal. *Id.* (citing *United States v. McColgin*, 535 F.2d 471, 476 (8th Cir. 1976)).

McCormac's Section 2255 Motion cannot meet this standard because he does not cite any specific evidence. Instead of citing any specific evidence that he discovered after his conviction, McCormac makes a general reference to the United States collecting restitution owed by McCormac to his victims.[1] But the collection of restitution owed by McCormac is certainly not

[1] Notably, the evidence that McCormac does refer to in his Motion was, in his words, "readily available" at the time of his plea and sentencing. Doc. 1-2, p. 40. McMormac's purported discovery that his personal gain was less than the loss amount was based on "personal bank statements for 2018, 2019, and 2020," which were "readily available" before his sentencing. Doc.

new evidence that would likely produce his acquittal at a new trial. Therefore, this Court should reject McCormac's newly discovered evidence argument and hold that his Section 2255 Motion is untimely.

**B. This Court Should Also Reject McCormac's Equitable Tolling Argument.**

In another attempt to justify his untimely Section 2255 Motion, McCormac claims that the "government's seizure and liquidation of Movant's retirement accounts" entitles him to equitable tolling of the limitations period. *See* Doc. 1-2, p. 41. But McCormac's argument ignores the Eighth Circuit's equitable tolling standard—which makes clear that the collection of restitution does not warrant equitable tolling of the Section 2255 limitations period.

According to the Eighth Circuit, equitable tolling is only appropriate when the movant demonstrates the following: (1) that extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time; or (2) when conduct of the government has lulled the prisoner into inaction. *Id*. Indeed, the Eighth Circuit has held that equitable tolling grants a movant an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See also Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) ("Equitable tolling is an extraordinary remedy that "affords the otherwise time-barred petitioner an exceedingly narrow window of relief.") (cleaned up); *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) ("The one-year statute of limitation may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (cleaned up); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (holding that the application of equitable tolling "must be guarded and infrequent, lest

---

1-1, p. 7. Even assuming *arguendo* these documents were new evidence, McCormac cannot credibly claim that facts in his own bank statements could not "have been discovered through the exercise of due diligence" until after his conviction. *See* 28 U.S.C. § 2255(f)(4).

circumstances of individualized hardship supplant the rules of clearly drafted statutes"). As the Eighth Circuit has held, the equitable tolling doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002).

McCormac's equitable tolling argument does not meet the Eighth Circuit's standard. The United States' collection of restitution cannot be the basis for equitable tolling because such activity did not make it impossible for McCormac to file his motion nor did it lull him into inaction. The collection of restitution owed by McCormac also cannot be the basis for equitable tolling of his Section 2255 Motion because he cannot attack a restitution order under Section 2255. *See infra*, §II. Therefore, this Court should reject McCormac's equitable tolling argument based on the United States' collection of restitution that he owes to his victims in this case.

## II. Even if McCormac's Motion Were Timely and Properly Before This Court—Which it is Not—This Court Should Still Dismiss Because His Motion Improperly Attacks His Restitution Order.

McCormac's Section 2255 Motion improperly challenges this Court's Restitution Order. Indeed, McCormac's Section 2255 Motion makes clear that—instead of claiming a right to be released from custody—he is attacking this Court's Restitution Order. *See* Doc. 1-1, p. 4 (claiming that all of his counsel's alleged ineffective assistance ultimately "prejudiced [McCormac] by exposing him to a significantly higher restitution amount").[2] Not once in McCormac's entire 2255 Motion does he request the only relief that Section 2255 Motions can offer: a release from custody.

[2] While McCormac's Memorandum in Support of his Section 2255 Motion also makes passing reference to him potentially proceeding to trial but for his attorney's alleged ineffectiveness, *see* Doc. 1-1, p. 6, that unsupported allegation certainly is not a request to be released from custody. Should the Court not grant the United States' motion to dismiss, the United States requests an opportunity to respond to the merits of such a claim.

Instead, each one of McCormac's claims are merely improper collateral attacks on this Court's Restitution Order. *Id.*

The Eighth Circuit rejected indistinguishable claims made by a Section 2255 petitioner in *Dyab v. United States*. 855 F.3d at 922. In *Dyab*, the Section 2255 petitioner claimed that the district court in his criminal case violated his Due Process rights by denying him an opportunity to object to and appeal the restitution order. *Id.* Despite the fact that the movant did not raise "a direct challenge to the restitution order" in *Dyab*, the Eighth Circuit still held that the Section 2255 Motion was an improper collateral attack on the restitution order because "the procedural challenge is aimed ultimately at setting aside the district court's order amending his restitution obligation." *Id.* Just like McCormac's Section 2255 Motion, "Dyab [was] not claiming a procedural violation that interfered with a right to be released from custody. So even if Dyab could show that his due process rights were violated, he cannot obtain relief under § 2255." *Id.* This Court should reach the same conclusion for the exact same reasons.[3]

---

[3] *See also Shephard*, 735 F.3d at 798 (Sixth Amendment claim not cognizable under § 2255 where ineffectiveness of counsel allegedly affected amount of restitution); *Cunningham v. United States*, Nos. 1:14–CR–225 (LMB), 1:15–CV–1262 (LMB), 2015 WL 6160722, at *4 (E.D. Va. Oct. 20, 2015) ("Cunningham's alternative attempt to couch his restitution claims in the framework of ineffective assistance of counsel also does not merit collateral relief because '[n]on-cognizable claims do not morph into cognizable ones by osmosis.'") (quoting *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002)); *Havey v. United States*, No. 4:17-CV-00852 JAR, 2020 WL 999857, at *6 (E.D. Mo. Mar. 2, 2020) ("To the extent Havey is alleging ineffective assistance of counsel regarding the restitution order, such a claim is not cognizable under § 2255."); *Cline v. United States*, No. 2:18-CR-04092-RK-1, 2024 WL 4272726, at *5 (W.D. Mo. Sept. 23, 2024) ("Movant argues that Attorney Hunt was ineffective for failing to inform Movant that by pleading guilty, he 'could be facing a strong possibility of having to pay a significant amount of restitution and would also face residency restrictions once [he] was released from prison.' Movant does not describe his requested relief. To the extent Movant apparently challenges the restitution portion of his sentence, a § 2255 motion is the incorrect vehicle to challenge restitution.") (cleaned up).

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Court dismiss McCormac's Section 2255 Motion without a hearing. The United States further requests that the Court deny McCormac a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Should the Court not grant this motion, the United States requests an opportunity to further brief why McCormac's Section 2255 Motion lacks merit.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

s/ *Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant.

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney